**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 98-7069

RALPH RAMEY,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge.
(CR-92-140, CA-97-412-2, CA-98-116-2)

Argued: October 29, 1999

Decided: June 20, 2000

Before WILKINSON, Chief Judge, and LUTTIG and
MICHAEL, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Catherine L. Crisham, Student Counsel, Appellate Litiga-
tion Program, GEORGETOWN UNIVERSITY LAW CENTER,
Washington, D.C., for Appellant. Michael Lee Keller, Assistant
United States Attorney, Charleston, West Virginia, for Appellee. **ON
BRIEF:** Steven H. Goldblatt, Director, Catherine E. Lhamon, Super-
vising Attorney, Joseph S. Hall, Student Counsel, Jeremy G. Suiter,
Student Counsel, Appellate Litigation Program, GEORGETOWN

UNIVERSITY LAW CENTER, Washington, D.C., for Appellant. Rebecca A. Betts, United States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Ralph Ramey was convicted in district court of various federal offenses arising out of his arson of a mobile home. He filed a motion to vacate his sentence pursuant to 22 U.S.C. § 2255. The district court denied his motion in part and granted it in part. For the reasons that follow, we vacate the district court's order and remand with instructions.

I.

In 1990, Ramey and James "Bo" Payne burned down a mobile home that had been stationary for sixteen years and that was occupied by an interracial couple. In 1992, a jury convicted both men on four counts related to the arson: (1) conspiracy to deprive the couple of their civil rights, in violation of 18 U.S.C. § 241; (2) willful interference with fair housing rights, in violation of 42 U.S.C. § 3631(a); (3) use of fire in the commission of a felony, in violation of 18 U.S.C. § 844(h)(1); and (4) arson of a building used in an activity affecting commerce, in violation of 18 U.S.C. § 844(i). [1]

_____

[1] Section 844(i) reads:

> Whoever maliciously damages or destroys, or attempts to damage or destroy, by means of fire or an explosive, any <u>building</u>, vehicle, or other real or personal property <u>used in interstate</u> or foreign <u>commerce or in any activity affecting interstate</u> or foreign <u>commerce</u> shall be imprisoned for not less than 5 years and not more than 20 years, fined under this title, or both . . . .

18 U.S.C. § 844(i) (emphases added).

2

Ramey was sentenced to 108 months on counts one and four, to twelve months to be served concurrently on count two, and to a sixty-month consecutive sentence on the third count, along with three years of supervised release. Ramey was also made jointly and severally liable with Payne for restitution in the amount of $10,766.97.

On appeal, Ramey argued that the application of 18 U.S.C. § 844(i) to the arson of a private residence was not permitted under the Commerce Clause. See United States v. Ramey , 24 F.3d 602 (4th Cir. 1994) ("Ramey I"). This court rejected Ramey's argument and held that the residence was protected under section 844(i) because it received electricity from an interstate power grid. See id. at 607 ("Though the trailer doubtless consumed but a pittance of energy from the power company's grid, its consumption, combined with that of all similarly situated buildings, has a most definite effect on interstate commerce. The class of activities not only `affects' commerce, but is in fact the raison d'etre of an interstate business. Congress has the power to protect this commerce from destruction by fire.").

After this court's decision in Ramey I, the Supreme Court decided United States v. Lopez, 514 U.S. 549 (1995), in which it held that the Gun-Free School Zones Act of 1990 was an unconstitutional exercise of Congress' power under the Commerce Clause. Subsequent to its decision in Lopez, the Supreme Court denied Ramey's petition for writ of certiorari. See Ramey v. United States, 514 U.S. 1103 (1995). But see id. (Justice Scalia voting to grant the petition, vacate the judgment and remand the case to this court for further consideration in light of Lopez).

In 1997, Ramey filed a motion in federal district court to vacate his sentence pursuant to 28 U.S.C. § 2255. In Ramey's amended motion he argued first, that in light of Lopez, section 844(i) could not be constitutionally applied to the arson of a private dwelling. Second, he argued that the district court improperly delegated to the Bureau of Prisons and Probation Office its authority to schedule Ramey's restitution payments.[2] On Ramey's Lopez claim, the district court held that

_____

**2** Ramey filed his original section 2255 motion on April 22, 1997. In that motion, he also claimed that his trial counsel was ineffective and that

3

because <u>Lopez</u> did not address the statute at issue in Ramey's case, Ramey's case was still governed by <u>Ramey I</u>. On his restitution claim, however, the district court found that the authority to set his restitution payments had been improperly delegated to the Bureau of Prisons, and therefore the court modified the sentence to include a restitution schedule.

We granted a certificate of appealability to Ramey, and he now appeals.

II.

Ramey argues that the district court erred when it held that <u>Lopez</u> was not applicable to his arson conviction under 18 U.S.C. § 844(i), and therefore did not grant him relief under <u>Davis</u> v. <u>United States</u>, 417 U.S. 333 (1974).

In <u>Davis</u>, Davis claimed that an intervening change in law, decided subsequent to his appeal, rendered his conviction and punishment invalid because it was "for an act that the law does not make criminal." <u>Id</u>. at 346. Davis had been convicted under a federal statute for failing to report for military induction as ordered, and the Ninth Circuit upheld the conviction. While Davis' petition for writ of certiorari

_____

the evidence at trial was insufficient to support his convictions. The district court adopted the federal magistrate's report and recommendation and denied Ramey's motion. Ramey then appealed the district court's denial, and this court vacated and remanded the district court's order, because the district court had failed to consider Ramey's objections to the magistrate's report.

On remand, the district court granted Ramey's motion to amend his section 2255 motion. In the amended motion, Ramey raised the restitution claim and re-raised the <u>Lopez</u> claim, but he did not re-raise his ineffective assistance claim. Ramey contends in this appeal, however, that he did not intend to waive his ineffective assistance claim by not including it in his amended section 2255 motion. Assuming that Ramey did preserve his ineffective assistance claim, we conclude that because he has failed to articulate any specific acts of trial counsel that fell below an objective standard of reasonableness, his claim is without merit.

4

was pending, the Ninth Circuit decided in a different but factually identical case that because of an intervening Supreme Court case, the conviction could not be upheld. After Davis' certiorari petition was denied, he brought a section 2255 motion in which he asserted that the latter Ninth Circuit decision was an intervening change in law such that his conviction should be set aside. The Supreme Court held that Davis' claim was cognizable in a section 2255 proceeding because "conviction and punishment . . . for an act that the law does not make criminal" "`inherently results in a complete miscarriage of justice' and `present(s) exceptional circumstances' that justify collateral relief under § 2255."**3** See id. at 346-47.

Ramey's contention on appeal is that Lopez represented an intervening change in law such that his conviction under section 844(i) was for an act -- burning down a private dwelling-- that the law does not criminalize. That is, Ramey argues that the arson of a private dwelling cannot meet the jurisdiction nexus requirement of Lopez because that act does not "substantially affect" interstate commerce. Therefore, Ramey argues that under Lopez, section 844(i) cannot lawfully be applied to his conduct, and that, accordingly, under Davis, he is entitled to collateral relief from his conviction under that statute.

After the case was submitted to this court, the Supreme Court granted the petition for writ of certiorari in United States v. Jones, 178 F.3d 479 (7th Cir. 1999), on the question whether section 844(i) reaches the arson of a private dwelling, see Jones v. United States,

---

**3** Although Ramey's section 2255 motion is governed by the AEDPA amendments, the relevant language of section 2255 has not changed since the Supreme Court's decision in Davis. The Supreme Court relied on that portion of section 2255 which reads:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255 (emphases added), quoted in Davis, 417 U.S. at 340.

5

120 S. Ct. 494 (1999). The Supreme Court has now held that "an owner-occupied private residence not used for any commercial purpose" is not property "used in" interstate commerce, and that therefore section 844(i) does not reach such a residence. See Jones v. United States, 2000 WL 645885, at *4-*5 (U.S. May 22). The Court specifically rejected the argument that, because the home that Jones burned down received natural gas from out-of-state sources, the home was "used in . . . an activity affecting . . . commerce." Id. at *4.

Because we conclude that the Supreme Court's decision in Jones, that section 844(i) does not reach an owner-occupied private residence, entitles Ramey to relief, we do not address the question whether Lopez was an intervening change in law under Davis. That is, Jones itself is an intervening change in law that confirms that Ramey's conviction and punishment is for an act that section 844(i) does not make illegal. The mobile home that Ramey burned down was only connected to interstate commerce through the owners' use of electricity from an interstate power grid. See Ramey I, 24 F.3d at 607. We conclude that the use of electricity from an interstate power grid, like the use of gas from out-of-state sources in Jones' case, does not transform an owner-occupied private dwelling into one used in an activity affecting interstate commerce. Therefore, because Ramey's conduct is not prohibited by section 844(i), his conviction and punishment under that section resulted in a fundamental miscarriage of justice and presents an exceptional circumstance justifying collateral relief under 28 U.S.C. § 2255.

III.

Ramey also argues that, although the district court correctly held that the delegation of authority to the Bureau of Prisons to set his restitution schedule was improper, the district court erred when it modified his restitution schedule without making the required findings for each factor set forth in 18 U.S.C. § 3664(a). Section 3664(a), as it read at the time of Ramey's conviction, directed that:

> [t]he court, in determining whether to order restitution . . . and the amount of such restitution, shall consider the amount of the loss sustained by any victim as a result of the offense, the financial resources of the defendant, the finan-

6

cial needs and earning ability of the defendant and the
defendant's dependents, and such other factors as the court
deems appropriate.

18 U.S.C. § 3664(a) (emphasis added). In United States v. Blake, 81
F.3d 498 (4th Cir. 1996), we explained that the district court must
make findings on each factor in that section:

> This court has repeatedly held that in order to ensure effec-
> tive appellate review of restitution orders, sentencing courts
> must make explicit findings of fact on each of the factors set
> forth in 18 U.S.C. § 3664(a) . . . . Such findings must tie the
> amount and type of restitution ordered to the financial
> resources, financial needs, and earning ability of the defen-
> dant.

Id. at 505 (citations omitted). The district court must also determine
whether the defendant can fairly comply with a restitution order. See
id. at 505.

Here, the district court failed to indicate on what factors it based
its determination of the restitution schedule or whether it found that
Ramey could comply with the schedule. J.A. 263-64. Because the dis-
trict court did not make the required findings necessary for appellate
review of the restitution schedule, we remand with instructions for the
district court to make such findings.

CONCLUSION

Because Ramey was convicted and punished for an act that section
844(i) does not criminalize, we vacate the judgment of the district
court and remand with instructions for the district court to set aside
Ramey's conviction under section 844(i) and resentence him accord-
ingly. We also vacate the district court's restitution schedule and
remand with instructions for the court to make the findings required
under 18 U.S.C. § 3664(a) to support Ramey's restitution schedule.

VACATED AND REMANDED

7